IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANTA FE CHAPTER OF VETERANS
FOR PEACE,

    Plaintiff,

vs.                                          Civ. No.  05-287 JH/RLP

THE HONORABLE R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, and
ROSEANN SANTORE, DIRECTOR OF THE
SANTA FE NATIONAL CEMETERY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

The matter before the court is Defendants' Motion to Stay Discovery, filed January 26, 2006. [Docket No. 24].   The court concludes that the Motion should be denied, and that limited discovery should be allowed.

### Procedural Background

On March 16, 2005, Plaintiff filed a Complaint for Injunctive and Declaratory Relief seeking a declaration that the First Amendment  Free Speech Rights of its members had been violated by the refusal of Defendants to permit a memorial service at the Santa Fe National Cemetery on March 20, 2005.[1]  Plaintiff also sought a Temporary Restraining Order ["TRO" herein] enjoining Defendants from preventing the service from proceeding.  [Doc. No. 1].  A hearing was held on March 17, 2005, before the Hon. Judith Herrera, following which Plaintiff's Motion for TRO was denied. [Doc. Nos. 6 & 7].

---

[1] Plaintiff alleges and Defendants' admit that Plaintiff's request was denied because the memorial service was deemed a "partisan activity" pursuant to 38 C.F.R. §1.218(a)(14).  [Doc. No. 9, ¶ 15; (Doc. No. 10, ¶ 15 ].

On April 12, 2005, Plaintiff filed an Amended Complaint, asserting the same claims, and seeking to enjoin Defendants from preventing Plaintiff from holding a memorial service at a future date. [Doc. No. 9]. Defendants answered, and on May 17, 2005, filed a Motion to Dismiss for lack of subject matter jurisdiction, based on non-waiver of sovereign immunity. [Doc. No. 11]. That motion has been fully briefed, and is pending before the Hon. Judith Herrera.

February 17, 2006, a scheduling order was entered in this case, setting discovery and motion practice deadlines, and trial date. The scheduling order states that following termination of discovery on August 7, 2006, discovery shall not be reopened except upon of order of the Court upon a showing of good cause, [Doc. No. 30].

## Discussion

Magistrate judges have broad discretion in staying discovery pending decision on potentially dispositive motions. Pacific Lumber Company v. National Union Fire Ins. Co. of Pittsburgh, Pa., 220 F.R.D. 349 351 (N.D. Ca. 2003). In general the "mere filing of a dispositive motion does not warrant the issuance of a stay of discovery." Moore's Federal Practice, 3rd ed., §26.105[3][c]. A stay of discovery is appropriate when the party resisting discovery can show good cause for such relief, and also that "justice requires [the order] to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).

I find that Defendants have not established good cause for a total stay of discovery, and that limited discovery should be permitted.

Plaintiff's Response requests discovery as to whether private groups are permitted to hold memorials at the Santa Fe National Cemetery, such as the memorial it wishes to hold. [Doc. No. 29, p. 4]. I find this discovery should be allowed. Defendants are entitled to discovery regarding the

specifics of the memorial planned by Plaintiff.

**IT IS THEREFORE ORDERED AS FOLLOWS**:

1. Defendants' Motion to Stay Discovery is Denied.

2. Pending resolution of Defendants' Motion to Dismiss, the following discovery is permitted:

    A. Plaintiff may serve Interrogatories, Requests for Production and Requests for Admission on Defendants, regarding whether private groups are permitted to hold memorials at the Santa Fe National Cemetery, such as the memorial it wishes to hold.

    B. Defendants may serve Interrogatories, Requests for Production and Requests for Admission on Defendants, regarding the specifics of the memorial planned by Plaintiff.

**IT IS SO ORDERED.**

**RICHARD L. PUGLISI**
**United States Magistrate Judge.**