## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SANTA FE CHAPTER OF
VETERANS FOR PEACE,

     Plaintiff,

vs.

                                  No. CIV-05-0287 JCH/RLP

THE HONORABLE R. JAMES
NICHOLSON, SECRETARY OF
VETERANS AFFAIRS, and ROSEANN
SANTORE, DIRECTOR OF THE SANTA
FE NATIONAL CEMETERY,

     Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Injunctive and Declaratory Relief Pursuant to Federal Rule of Civil Procedure 12(b)(1), filed May 17, 2005 ("Motion to Dismiss"). The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed finds that the Plaintiff shall have leave to amend the Amended Complaint and that the Defendants' Motion to Dismiss shall be converted into a Motion for Summary Judgment.

### STANDARD

In their Motion to Dismiss, Defendants challenge Plaintiff's assertion of subject matter jurisdiction over Plaintiff's claims pursuant to Rule 12(b)(1). Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted). "In reviewing a facial

attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.* (citation omitted). "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. . . . When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003 (citation omitted). "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* (citations omitted). "In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id.* (citation omitted). "However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Id.* (citations omitted). "When deciding whether jurisdiction is intertwined with the merits of a particular dispute, 'the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.'" *Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (quoting *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002)).

## DISCUSSION

Defendants argue that the Court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity for Plaintiff's claim. In response, Plaintiff claims that the United States has waived its sovereign immunity pursuant to *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949), and *Dugan v. Rank*, 372 U.S. 609 (1963), and that the Court therefore has subject matter jurisdiction over the complaint.

In the Motion, Defendants challenge both the sufficiency of the complaint as well as the facts

upon which subject matter jurisdiction depends.  With respect to Defendants' challenge to the sufficiency of the complaint, Defendants maintain, among other things, that the Court does not have subject matter jurisdiction over Plaintiff's claims pursuant to *Bivens v. Six Unknown Agents of Bureau of the Federal Bureau of Narcotics*, 403 U.S. 788 (1971), and its progeny, or pursuant to 28 U.S.C. Sections 1981, 1983, and 1985.  In response, Plaintiff concedes that the Court does not have jurisdiction pursuant to *Bivens* or Sections 1981, 1983, and 1985, and instead maintains that the Court has jurisdiction pursuant to *Larson*, 337 U.S. 682, and *Dugan v. Rank*, 372 U.S. 609.  The Amended Complaint for Injunctive and Declaratory Relief, however, fails to allege that the Court has jurisdiction pursuant to *Larson* or *Dugan*.  The Court therefore grants Plaintiff leave to amend its complaint and set forth the grounds on which the Court has subject matter jurisdiction over the complaint.

With respect to Defendants' challenge to the facts underlying Plaintiff's assertion of subject matter jurisdiction, Defendants argue that Plaintiff cannot demonstrate that the Court has subject matter jurisdiction pursuant to *Larsen* or *Dugan*, because those cases waive sovereign immunity for injunctive and declaratory relief only when the relief sought would impose a compulsion against a federal officer and not the United States.  *Larson*, 337 U.S. at 688-89.  The Supreme Court has explained that a suit may impose a compulsion against an officer and not the sovereign if the officer's power is limited by statute and the officer acts beyond the limitations in the statute.  *See id*. at 690. In such a case, his or her actions "are considered individual and not sovereign actions.  The officer is not doing the business which the sovereign has empowered him [or her] to do or [the officer] is doing it in a way which the sovereign has forbidden.  [The officer's] actions are ultra vires his [or her] authority and therefore may be made the object of specific relief."  *Id.*  Defendants challenge

Plaintiff's assertion of subject matter jurisdiction under *Larsen* and *Dugan* on the ground that Plaintiff cannot demonstrate that Defendants acted beyond the scope of their power in applying 38 C.F.R. Section 1.218(a)(14) as a bar to Plaintiff's proposed activities.  In support of their argument, Defendants cite to, among other things, testimony from the hearing on Plaintiff's motion for a temporary restraining order.

Because Defendants challenge the facts underlying Plaintiff's assertion of subject matter jurisdiction, the Court may allow affidavits and other documents to resolve disputed jurisdictional facts without converting the motion to dismiss to a motion for summary judgment, provided that the resolution of the jurisdictional question is not intertwined with the merits of the case.  Here, the Court must convert the Motion to Dismiss into a Motion for Summary Judgment because resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.  Specifically, to determine the jurisdictional question, the Court must decide whether Defendants were acting outside the scope of their regulatory authority under 38 C.F.R. Section 1.218(a)(14).  To determine the question on the merits, the Court must decide whether, as alleged by Plaintiff, Defendants' application of regulatory authority under 38 C.F.R. Section 1.218(a)(14) deprived Plaintiff of its First Amendment rights.  These decisions require resolution of similar issues.  Accordingly, the Court hereby converts Defendants' Motion to Dismiss into a Motion for Summary Judgment.  *Cf. Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

## CONCLUSION

For the foregoing reasons, **IT THEREFORE IS ORDERED** that:

(1)     Plaintiff shall have ten (10) days from the date of this Memorandum Opinion and Order to amend its complaint and set forth the grounds on which the Court has subject matter

jurisdiction over Plaintiff's claim; and

(2)     Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Injunctive and Declaratory Relief Pursuant to Federal Rule of Civil Procedure 12(b)(1) shall be converted into a Motion for Summary Judgment; Defendants may, within thirty (30) days from the date of this Memorandum Opinion and Order, file a supplemental memorandum in support of the Motion for Summary Judgment; Plaintiff may file a supplemental response in opposition to the Motion for Summary Judgment within fourteen (14) days from the date the supplemental memorandum is filed (adding three (3) days if service is by mail), or, if Defendants choose not to file a supplemental memorandum, within forty four (44) days (adding three (3) days if service is by mail) from the date of this Memorandum Opinion and Order; Defendants may file a supplemental reply in support of the Motion for Summary Judgment within fourteen (14) days from the date the response, if any, is filed (adding three (3) days if service is by mail).

Dated this 18th day of July 2006.

JUDITH C. HERRERA
UNITED STATES DISTRICT  JUDGE